UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NAJLA ABU JABER, individually,

      Plaintiff,

v.

PALM BEACH CREDIT ADJUSTERS, INC.,
d/b/a  "Focus Financial Services,"          **JURY DEMAND**
a Florida corporation,

      Defendant.

_____/

### COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1.      Plaintiff NAJLA ABU JABER alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") against Defendant PALM BEACH CREDIT ADJUSTERS, INC. d/b/a  "Focus Financial Services."   Plaintiff alleges that Defendant incessantly and unlawfully called Plaintiff's cellular telephone using an automatic telephone dialing system (i.e. "auto-dialer") and a pre-recorded or artificial voice.

### JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k as this is a civil action arising under the laws of the United States.

3.      This Court has personal jurisdiction over the Defendant because the telephone calls forming the basis of this action were placed by the Defendant into this District, and because Defendant conducts business in this District by regularly placing telephone calls, sending mail, and transacting with alleged debtors in this District.

4.      Venue in this District is proper because the Plaintiff resides here and received telephone calls from Defendant within this District.

## PARTIES

5.      Plaintiff NAJLA ABU JABER is a natural person and a citizen of the State of Florida, residing in Broward County, Florida.  Said Plaintiff is the sole owner, possessor, subscriber, and user of the cellular telephone that Defendant was calling.

6.      Defendant PALM BEACH CREDIT ADJUSTERS, INC., d/b/a "Focus Financial Services," ("Palm Beach Credit Adjusters") is a debt collector that uses, among other things, an automated telephone dialing system to engage in debt collection and operates from offices located at 3800 S. Congress Ave., Suite 3, Boynton Beach, FL 33426; Plaintiff further alleges that Palm Beach Credit Adjusters is a citizen of the State of Florida.

7.      Defendant regularly collects or attempts to collect consumer debts for other persons.

8.      Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9.      In 2013, the Plaintiff incurred a consumer debt to Memorial Hospital in connection with personal medical care provided to her at Memorial Hospital Pembroke.

10.     Plaintiff allegedly defaulted in the repayment of the aforementioned debt.

11.     Memorial Hospital subsequently engaged the services of Defendant Palm Beach Credit Adjusters to attempt to collect the aforesaid debt from Plaintiff.

12.     Defendant subsequently discovered the Plaintiff's cellular telephone number and began placing repeated automated telephone collection calls to her.

13.    Upon answering any of these calls, the Plaintiff was greeted by an automated, machine-operated voice that immediately began speaking as follows:

> This is a message for NAJLA ABU JABER.  If you're not NAJLA ABU JABER please hang up or disconnect at this time.  By continuing to listen to this message, you acknowledge you are NAJLA ABU JABER.  You should not listen to this message so that other people can hear it, as it contains personal and private information.  There will now be a 3 second pause in this message to allow you to listen to this message in private.  Pursuant to federal law, this is a message from a debt collector.  This is MICHAEL TODD from Focus Financial Services.  This is an attempt to collect a debt and any information will be used for that purpose only.  Please contact us at 800-428-0923 with your reference number [REDACTED] about an important business matter.

14.    In February 13, 2014, Plaintiff sent the Defendant a certified letter admonishing the Defendant to cease contacting her about this matter.  A true and correct copy of the aforementioned letter is attached hereto as Exhibit A.

15.    Despite this, the Defendant continued placing repeated automated telephone calls to the Plaintiff's cellular telephone.

16.    The Defendant's method of contacting Plaintiff is indicative of its ability to dial numbers without any human intervention in the calling process, which the FCC has opined is the hallmark of an automatic telephone dialing system. *See In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 2008*, 23 F.C.C.R. 559, 565-66 (2008); *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991,* 18 F.C.C.R. 14014, 14091-92 (2003).

17.    In sum, the Defendant made telephone calls to Plaintiff's cellular telephone, each of which was made using an automatic telephone dialing system or an artificial or pre-recorded voice.

3

18.     Defendant made the aforementioned telephone calls knowing that they were using an automatic telephone dialing system or an artificial or prerecorded voice to call a cellular telephone, and further knew that such calls were in violation of the TCPA, and consequently, these violations were willful and knowing.

## COUNT I
## VIOLATIONS OF TELEPHONE CONSUMER PROTECTION ACT

19.     Plaintiff incorporates paragraphs 1 through 18 herein.

20.     Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act by making telephone calls to Plaintiff's cellular telephone, which were initiated by an automatic telephone dialing system or made using an artificial or prerecorded voice, and not legally permissible under any provision to the aforementioned statute.

WHEREFORE, Plaintiff NAJLA ABU JABER, requests that the Court enter judgment in favor of Plaintiff and against Defendant PALM BEACH CREDIT ADJUSTERS, INC. for:

a.      $500 dollars in statutory damages for each violation of the TCPA over the last four years;

b.      $1,500 dollars in statutory damages for each knowing or willful violation of the TCPA over the last four years;

c.      a permanent injunction prohibiting Defendant from placing non-emergency calls to Plaintiff's cellular telephone using either an automatic telephone dialing system or an artificial or prerecorded voice;

e.      litigation expenses and costs of the instant suit; and

f.      such other or further relief as the Court deems proper.

4

<u>COUNT II</u>
<u>VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT</u>

21.  Plaintiff incorporates paragraphs 1 through 18 herein.

22.  Defendant violated 15 U.S.C. § 1692c(c) of the FDCPA by continuing to call the Plaintiff

after being advised in writing to cease further communication.

WHEREFORE, Plaintiff NAJLA ABU JABER, requests that the Court enter judgment in

favor of Plaintiff and against Defendant PALM BEACH CREDIT ADJUSTERS, INC. for:

     a.  actual damages;

     b.  statutory damages of $1,000.00;

     c.  attorney's fees, litigation expenses, and costs of the instant suit, and;

     d.  such other or further relief as the Court deems just and proper.

<u>JURY DEMAND</u>

Plaintiff demands trial by jury.

Dated this 4th day of August, 2014.

BRET L. LUSSKIN, Esq.
*Attorney for Plaintiff*
20803 Biscayne Blvd., Ste 302
Aventura, Florida 33180
Telephone: (954) 454-5841
Facsimile: (954) 454-5844
blusskin@lusskinlaw.com

By: /s/ Bret L. Lusskin, Esq.
    Bret L. Lusskin, Esq.
    Florida Bar No. 28069